UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 18-22865-Civ-COOKE/GOODMAN

MICHAEL MCGUIRE,

        Plaintiff,
v.
SOUTHERN PACKAGING
MACHINERY CORPORATION and
DAVID RASKA,

        Defendants.
_____/

## MOTION FOR LEAVE TO JOIN ADDITIONAL PARTIES AND AMEND THE COMPLAINT

Plaintiff, Michael McGuire, pursuant to Rules 15 and 20 of the Federal Rules of Civil Procedure and this Court's Order Setting Civil Trial Date and Pretrial Deadlines (the "Order"), moves to amend his Complaint in order to join additional plaintiffs and an additional defendant to this action and states:

1. Mr. McGuire filed his Complaint on July 16, 2018. [D.E. 1].

2. Defendants, Southern Packaging Machinery Corporation ("Southern Packaging") and David Raska, filed their Answer and Affirmative Defenses on August 3, 2018. [D.E. 12].

3. On September 7, 2018, this Court entered the Order setting September 14, 2018, as the deadline for joinder of additional parties and the amendment of pleadings. [D.E. 14]. On September 17, 2018, this Court granted Plaintiff's unopposed motion for an extension of this deadline to September 19, 2018. [D.E. 18].

4. Mr. McGuire seeks leave to amend his Complaint to join three additional plaintiffs Wesley Brady, Wade Davis and Tommy Williams (the "Proposed Plaintiffs") as plaintiffs to this action. Mr. McGuire also seeks to add Atlantic Sandblasting, Inc. ("Atlantic Sandblasting") as a defendant to this action.

5. Atlantic Sandblasting is a Florida Corporation. Upon information and belief, Defendant David Raska is the president and sole owner of both Atlantic Sandblasting and Defendant Southern Packaging and Machinery Corporation.

6. The Proposed Plaintiffs were victims of the same discriminatory treatment which forms the basis of the Complaint. They seek to bring claims of their own against Defendants and Atlantic Sandblasting as a result of this discrimination.

7. The Proposed Plaintiffs are all African American men, and therefore members of the same protected class as Mr. McGuire. Like Mr. McGuire, they also work, or previously worked, at Southern Packaging under Raska's management and supervision.

8. Mr. Williams, one of the proposed Plaintiffs, worked for Defendants as well as for Atlantic Sandblasting.

9. Throughout their employment with Southern Packaging and Atlantic Sandblasting, the Proposed Plaintiffs were the victims of the same or similar unwelcome harassment, discrimination and hostile treatment on the basis of their race which is alleged in the Complaint. Defendants and Atlantic Sandblasting's conduct included, among other things, discriminatory intimidation, racial slurs, ridicule, insults and offensive jokes.

10. The harassment and discrimination to which these Proposed Plaintiffs were subjected was severe, pervasive and sufficient to alter the terms and conditions of their employment with Southern Packaging and Atlantic Sandblasting, and to create a discriminatory, hostile and abusive working environment.

11. As a result, the Proposed Plaintiffs now desire to bring their own claims against Defendants, as well as Atlantic Sandblasting, and, in the interests of justice and efficiency, seek to do so by joining Plaintiff's Complaint.

12. Rule 20 of the Federal Rules of Civil Procedure provides that: "Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."

13. Rule 20 of the Federal Rules of Civil Procedure provides further that: "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same

transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

14. As described above, the Proposed Plaintiffs' claims arise out of the same series of occurrences that form the basis of the instant Complaint and, moreover, the same questions of fact and law will arise in their virtually identical claims. As such, joinder of these proposed claims is proper pursuant to Rule 20.

15. Likewise, the claims being asserted against Defendants and Atlantic Sandblasting arise out of the same series of occurrences that form the basis of the instant Complaint and "question[s] of law or fact common to all defendants will arise in the action." As such, joinder of Atlantic Sandblasting as an additional defendant is proper pursuant to Rule 20.

16. Rule 15 of the Federal Rules of Civil Procedure governs the amendment of pleadings and allows a party to "amend its pleading only with the opposing party's written consent or the court's leave." It instructs further that "[t]he court should freely give leave when justice so requires."

17. The joinder of these claims promotes not only the interests of justice, but also efficiency, as each of the Proposed Plaintiffs will bring virtually identical claims against these Defendants and likely rely on the same sets of facts and evidence, including the testimony of each, to support their claims.

18. A copy of the Proposed Amended Complaint is attached as Exhibit "1."

WHEREFORE, Plaintiff respectfully requests that this Court grant him leave to amend his Complaint and join Wesley Brady, Wade Davis and Tommy Williams as plaintiffs to this action, and to join Atlantic Sandblasting, Inc. as a defendant to this action.

**CERTIFICATE OF GOOD FAITH CONFERENCE**

I HEREBY CERTIFY that counsel for Plaintiff has conferred with counsel for Defendants in a good faith effort to resolve the issues raised in this Motion and has been unable to do so.

CASE NO.: 18-22865-Civ-COOKE/GOODMAN

Respectfully submitted,
RODRIGUEZ TRAMONT + NUÑEZ P.A.

By: /s/ Andrew V. Tramont
Andrew V. Tramont
Florida Bar No. 322830
avt@rtgn-law.com
Stephanie Therese Núñez
Florida Bar No. 099588
stn@rtgn-law.com
Paul M. Núñez
Florida Bar No. 124205
pmn@rtgn-law.com
255 Alhambra Circle, Suite 1150
Coral Gables, FL 33134
Telephone: (305) 350-2300

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of September, 2018, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the Court via CM/ECF which will send notice of electronic filing to all counsel of record.

/s/ Andrew V. Tramont
Andrew V. Tramont